NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRADING TECHNOLOGIES INTERNATIONAL, INC.,**
*Plaintiff-Appellant*

**v.**

**SUNGARD DATA SYSTEMS, INC., SUNGARD INVESTMENT VENTURES LLC, GL TRADE AMERICAS, INC., SUNGARD FINANCIAL SYSTEMS (FRANCE) SAS, fka GL TRADE SA, FUTUREPATH TRADING LLC,**
*Defendants-Appellees*

---

2015-1767, 2015-1768

---

Appeals from the United States District Court for the Northern District of Illinois in Nos. 1:05-cv-04120, 1:05-cv-05164, Judge Sara L. Ellis.

---

Decided: April 4, 2016

---

STEVEN BORSAND, Trading Technologies International, Inc., Chicago, IL, argued for plaintiff-appellant. Also represented by LEIF R. SIGMOND, JR., MICHAEL DAVID GANNON, JENNIFER KURCZ, COLE BRADLEY RICHTER,

McDonnell Boehnen Hulbert & Berghoff, LLP, Chicago, IL.

MARK LESLIE LEVINE, Bartlit Beck Herman Palenchar & Scott LLP, Chicago, IL, argued for defendants-appellees. Also represented by CHRISTOPHER LIND, BRIAN SWANSON, ASHA L.I. SPENCER. Defendants-appellees SunGard Data Systems, Inc., SunGard Investment Ventures LLC, SunGard Financial Systems (France) SAS, GL Trade Americas, Inc. also represented by ANDREW BOURKE DONNELLAN, JR., SunGard Data Systems Inc., New York, NY; KATHERINE PAULEY BARECCHIA, Wayne, PA.

_____

Before LOURIE, BRYSON, and REYNA, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Trading Technologies International, Inc. ("TT") appeals from the district court's grant of summary judgment that software applications developed and sold by SunGard Data Systems, Inc., SunGard Investment Ventures LLC, GL Trade Americas, Inc., and SunGard Financial Systems (France) SAS (collectively, "SunGard"), and FuturePath Trading LLC ("FuturePath") do not infringe the claims of TT's U.S. Patent 6,772,132 (the "'132 patent"). *See Trading Techs. Int'l, Inc. v. GL Consultants, Inc.*, No. 1:05-cv-04120, 2014 WL 6461578 (N.D. Ill. Nov. 18, 2014) ("*Opinion*"). Because the district court did not err in granting summary judgment of noninfringement, we *affirm*.

## BACKGROUND

The patent and prior art are exhaustively described in our prior opinion involving the '132 patent, *see Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1345–49 (Fed. Cir. 2010) ("*eSpeed*"); accordingly, we need only address them briefly here. TT is the owner of the '132 patent, which is directed to a computer program that

ensures traders are able to buy commodities at an intended price. *Id.* at 1346. Prior-art programs displayed commodity prices to traders, and allowed traders to execute trades by clicking on the prices. *Id.* at 1345. The prior-art displays recentered automatically and unpredictably, however, and if recentering occurred as the trader was clicking, the trade could register at an unintended price. *Id.* To address this issue, the '132 patent claims a graphical user interface with a "static display of prices." '132 patent col. 12 ll. 2–27. Because the display does not recenter automatically, a trader can be confident that when the price is clicked, the commodity will not be purchased at an unintended price. *eSpeed*, 595 F.3d at 1347.

In *eSpeed*, we affirmed the district court's construction of "static" as "a display of prices comprising price levels that do not change positions unless a manual recentering command is received." *Id.* at 1352–55. TT agrees that the construction in *eSpeed* is controlling here. Appellant's Br. 1. Because the accused products in *eSpeed* automatically recentered their displays, we also affirmed the district court's finding of no literal infringement, on the basis that products with "mandatory recentering features" did not infringe. *eSpeed*, 595 F.3d at 1355. We also affirmed the district court's finding that TT was estopped from arguing infringement under the doctrine of equivalents because the "construction of . . . 'static' specifically excludes any automatic re-centering." *Id.* at 1356. The "occasional automatic re-centering" practiced by the accused products at issue in *eSpeed* could not be equivalent "because the claim forbids all automatic re-centering." *Id.*

In this case, SunGard and FuturePath both sell software that allows traders to buy commodities. *Opinion* at *6–7. In both companies' products, the price display automatically recenters after a certain time period. *Id.* Although automatic recentering cannot be disabled by the

user, the user can set the amount of time between recentering. *Id.* SunGard's products default to recentering every 10 seconds or 15 minutes, depending on the product version. *Id.* at \*6. The default period between recentering for FuturePath's products is two minutes or 20 seconds, also depending on the version. *Id.* at \*7.

TT sued SunGard and FuturePath, alleging that several of their products infringed the claims of the '132 patent. Relying on our opinion in *eSpeed*, the district court granted summary judgment that the products at issue in this appeal do not infringe.[1] Specifically, the district court found that the accused products did not contain a "static" display because they automatically recentered. *Id.* at \*8–10. The district court also found that TT could not rely on the doctrine of equivalents because, although the accused products could "be set to re-center only occasionally . . . [,] the frequency of the automatic re-centering is not the relevant comparison." *Id.* at \*11. Instead, and just like the accused products at issue in *eSpeed*, "users are always at risk of missing their intended price at the time that automatic re-centering occurs." *Id.*

TT timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

TT argues that the district court erred in granting summary judgment that the accused products do not literally infringe because the automatic recentering of the accused products is in fact two modes of operation: a

---

[1]     The district court also denied summary judgment that later versions of the SunGard product and another of FuturePath's products did not infringe under the doctrine of equivalents. *Id.* at \*12. Those products are not at issue in this appeal.

"static" mode where the display does not recenter (*i.e.*, the period between automatic recentering events), and a second mode where automatic recentering occurs (*i.e.*, the automatic recentering event itself). Appellant's Br. 24–30, 40–48. Because the accused products have at least one mode where the display is static, TT argues, it has generated a genuine dispute of material fact that the accused products infringe.

Sungard and FuturePath respond that the accused products in fact have a single mode of operation where automatic recentering occurs. Appellees' Br. 30–34. They argue that TT is attempting to relitigate the claim construction issue that it lost in *eSpeed*, and that the *eSpeed* decision controls.

We agree with SunGard and FuturePath that there is no genuine dispute that the accused products operate in a single mode that does not infringe under the construction of "static" affirmed in *eSpeed*. The instant that recentering occurs is not a separate "mode" of operation; it is part of a single mode of operation practiced by the accused products. Because the construction of "static" in *eSpeed* requires recentering to only occur manually, *eSpeed*, 595 F.3d at 1352, and recentering occurs in the accused products automatically in the single mode in which they operate, the district court correctly determined that the accused products do not literally infringe.

TT next argues that the district court erred in granting summary judgment that the accused products do not infringe under the doctrine of equivalents because the accused products still provide the "price guarantee" provided in the claims of the '132 patent; that is, the user can be confident that clicking a price will not result in purchasing a commodity at an unintended price. Appellant's Br. 62–68. As the user can set the time period between recentering to be so long that it will likely never

occur, TT argues, the user can still receive the benefit of the invention claimed in the '132 patent. *Id.* at 64–67.

SunGard and FuturePath respond that *eSpeed* controls because we explained in that case that the "static" limitation "specifically excludes automatic re-centering." Appellees' Br. 46 (quoting *eSpeed*, 595 F.3d at 1356). Moreover, Sungard and FuturePath argue that the accused products do not provide the benefit of the claimed invention because users could still click to buy a commodity at the exact instant that prices change. *Id.* at 49–51.

We agree with SunGard and FuturePath that the holding in *eSpeed* controls this case, and that the accused products do not utilize the benefit of the claimed invention. In *eSpeed*, we rejected the argument that a product which only occasionally recentered automatically could still infringe under the doctrine of equivalents where the product continued to present the problem of the prior art. *eSpeed*, 595 F.3d at 1356. The accused products here recenter automatically, and the products provide no way for the user to know whether recentering will occur. Accordingly, the accused products fall squarely within the *eSpeed* holding, and the district court did not err in granting summary judgment. No material facts are in dispute, and the district court made no error of law.

CONCLUSION

We have considered TT's remaining arguments, but find them unpersuasive. For the foregoing reasons, the decision of the district court is affirmed.

**AFFIRMED**